**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **VALERIE SANDERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cv-01526** |
| | ) | **Judge Frensley (By Consent)** |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Jury Demand** |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is the Plaintiff's Motion for New Trial (Docket No. 91) and Defendant's Response in opposition (Docket No. 95). For the reasons stated herein, the Plaintiff's Motion is DENIED.

## BACKGROUND

Ms. Sanders filed this action pursuant to Title VII of the Civil Rights Act of 1964 on December 28, 2015, alleging employment discrimination based on race. (Docket No. 1). Specifically, she contends that because of her race, she was hired at a rate of pay that was less than similarly situated Caucasian employees and continues to be paid less. *Id.* Defendant Correct Care Solutions, Inc. ("CCS") denied liability asserting their employment decisions were not based upon racial considerations. Docket No. 4. On February 15, 2018, the jury rendered a verdict for CCS and the clerk of Court entered a Judgment in CCS's favor. Docket No. 90. On March 14, 2018, Ms. Sanders filed a Motion for New Trial. Docket No. 91. CCS filed a response in opposition on March 28, 2018. Docket No. 95.

## STANDARD OF REVIEW

Generally, a court may grant a new trial under Fed. R. Civ. P. 59(a) "if the verdict is against the weight of the evidence, if the damages award is excessive, or if the trial was

influenced by prejudice or bias, or otherwise unfair to the moving party." *Conte v. Gen. Housewares Corp.*, 215. F. 3d 628, 637 (6th Cir. 2000). The Sixth Circuit has explained that "the governing principle in the district court's consideration of a Motion for a New Trial is whether in the judgment of the trial court such course is required to prevent an injustice. . . ." *Park West Galleries v. Hochman*, 692 F. 3d 539, 544 (6th Cir. 2012)(quoting *Davis by Davis v. Jellico Cmty. Hosp. Inc.,* 912 F. 2d 129, 133 (6th Cir. 1990)(internal quotation marks omitted)) The burden of demonstrating the necessity of a new trial is on the moving party, and the ultimate decision whether to grant such relief is a matter vested within the sound discretion of the district Court. *Clarksville-Montgomery Co. Sch. Sys. v. U.S. Gypsum Co.*, 925 F. 2d 993, 1002 (6th Cir. 1991). The party seeking a new trial bears "a heavy burden." *Miller v. American President Lines, Ltd.*, 989 F. 2d 1450, 1456 (6th Cir. 1993). While the trial judge has great authority to grant new trials, the motion should be denied if the verdict is one that reasonably could have been reached, regardless whether different inferences and conclusions could have been drawn or other results are more reasonable. *Walker v. Bain*, 257 F. 3d 660, 670 (6th Cir. 2001).

## ANALYSIS

Rule 7(b) of the Federal Rules of Civil Procedures requires that motions state with particularity the grounds for seeking the Order. In the context of a Rule 59 motions for new trial, Rule 7(b) "does not require ritualistic detail but rather a fair indication to court and counsel the substance of the grounds" for the Motion. Fed. R. of Civ. P. 59 advisory committee's note to the 1966 amendment. The Sixth Circuit has indicated that the moving party's "grounds in its motion for new trial must be 'reasonably specific' in order to comply with the particularity requirement imposed by Rule 7(b)(1)." *Intera Corp. v. Henderson*, 428 F. 3d, 605, 612 (6th Cir. 2005) (quoting *Black Industry Inc. v. Raulston Purina Co*. 327 F. 2d 266, 274 (8th Cir. 1964)). No final transcript

of the trial been prepared or filed with the Court and therefore there are no citations to the record. However, the grounds set forth in Plaintiff's motion are "reasonably specific and offer a fair indication to the court and counsel of the substance of the grounds for the motion.

The Plaintiff submits five assignments of error each of which she contends requires that the Court grant her a new trial in this matter. The Court will address each alleged error in turn, discussing as well the appropriate standard of review.

## A.    Admissibility of CCS's Position Statement to the EEOC

Prior to trial, CCS filed a Motion in Limine to Exclude the Testimony or Evidence Related to Documents Submitted to the EEOC in Response to the Plaintiff's EEOC Charge. Docket No. 48. The Court held a hearing on the motions in limine and reserved ruling on this motion. Docket No. 67. At trial, Plaintiff sought to introduce Defendant's position statement to the EEOC through the paralegal who prepared and provided the document to the EEOC. Docket No. 91-1. Plaintiff contends that it was error to exclude the document which referenced specific white employees as "true comparators" to the Plaintiff. Docket No. 91, pp. 3-4. Plaintiff submits "this evidence was critical to Plaintiff's case to demonstrate the comparator group was limited to the time frame argued by Plaintiff and that Defendant acknowledged the same to the EEOC." *Id.* Plaintiff argues this error was compounded by allowing the Defendant "to significantly expand the comparator group to one that inured to its benefit at trial." *Id.*

The Defendant argues that Plaintiff's counsel conceded that the position statement itself was impermissible to submit to the jury." Docket No 95, p. 2. They note that the Court did not prevent Plaintiff from asking the witness, Linda Callaway, if she ever referred to specific employees as "true comparators" and "because Plaintiff did not seek to impeach Ms. Callaway before attempting to use the position statement, the Court properly excluded it." *Id.* at p. 3.

The trial court's ruling on the admission of evidence is reviewed for abuse of discretion. *Trepel v. Roadway Exp., Inc.*, 194 F. 3d 708, 716 (6th Cir, 1999). An abuse of discretion is defined as "a definite and firm conviction that the trial court committed a clear error of judgment." *Id.*

This was a comparator case. Understandably, Plaintiff wanted to limit the comparators to a small number of cohorts she deemed favorable to herself. The problem is Plaintiff sought to utilize employees hired by a different decision maker. The Court reasoned it would be unfair to allow Plaintiff to utilize the hiring decisions of a different decision maker without considering all similarly situated individuals hired by that decision maker. Likewise, it was relevant to consider the hiring decisions made for the same position by different decision makers prior to the Plaintiff's hiring. Any other decision would result in an unfair perspective of the hiring decisions made by the Defendant for the position held by Plaintiff. As the Defendant notes, nothing in the Court's ruling excluding the documents precluded Plaintiff's counsel from discussing the comparator issue with the witness. In any event, Plaintiff had every opportunity and in fact argued her view of the appropriate comparators to the jury in this case. Notwithstanding those arguments, the jury clearly rejected them by virtue of the verdict. The Court's ruling excluding CCS's position statement to the EEOC was proper and therefore the Plaintiff's motion on this ground is DENIED.

**B.     Evidence of Plaintiff's 2014 Pay Raise**

CCS filed a motion in limine to exclude evidence of subsequent remedial measures. Docket No. 47. Specifically, they sought to exclude evidence of a pay raise given to Plaintiff in 2014 to make her pay more in line with other similarly situated employees. *Id.* Plaintiff argued that the pay increase was an admission and not a subsequent remedial measure under Federal Rule of Evidence 407. The Court held a hearing on the motion in limine and reserved the issue.

Docket No. 67. The Court determined that evidence of the pay increase is relevant to the issue of damages as it necessarily impacts the wage claim in this case and encouraged the Parties to reach an agreement by way of stipulation that would address this particular issue. *Id.* The Court further offered the Parties the opportunity to submit additional arguments in the event they were unable to reach an agreement. *Id*.

The Parties did reach an agreement and stipulated the amount of lost wages taking into account the pay raise in 2014. Docket No. 77, P. 3. The Defendant provided additional arguments in support of its motion to exclude under Rule 407 (Docket No. 76) and the Plaintiff provided no additional authority. In her motion for a new trial, the Plaintiff contends that the Court erred by excluding evidence of the raise in pay as a subsequent remedial measure inadmissible under Federal Rule of Evidence 407. Docket No. 91, p. 6. The Defendant relies upon the arguments advanced in support of its original Motion to exclude and argued that the only purpose offered for its admission by the Plaintiff is for reasons made expressly impermissible by Rule 407. Docket No. 95, pp. 4-5.

The issue raised by the Plaintiff relates to the admissibility of evidence which is left to the sound discretion of the trial court. *Trepel, supra.* This standard is whether there is a definite or firm conviction that the trial court committed a clear error in judgment. *Id.*

The Plaintiff has offered no new authority or compelling argument for its position that the Defendant's efforts to address the pay disparity are an admission rather than a subsequent remedial action. It is clear that Rule 407, represents a policy determination to encourage parties to attempt to voluntarily remedy problems or concerns. If a party fully remedied a situation that was the subject matter of the litigation only to have that remedy utilized against them as an admission of wrongdoing the policy goal of voluntary remedies would be directly undermined

which is entirely inconsistent with the Rule. The Court can find no justification for applying a different standard to an incomplete or partial remedy and the Plaintiff has provided no supporting authority or contradictory argument. Therefore this alleged error does not support a new trial and the Plaintiff's Motion is DENIED.

### C.      Testimony of Melinda Stephens Regarding Pay Scales

Melinda Stephens is the current Health Services Administrator for CCS's Davidson County contract. Plaintiff sought to question her regarding the Defendant's adherence to pay scales and her understanding of the Defendant's use of such scales. Docket No. 91, pp. 7-8. Plaintiff contends that "a central issue in this case was Defendant's failure to follow an implemented pay scale" and therefore they should have been allowed to question the current Health Services Administrator about the role of pay scales at CCS. The Defendant contends that the testimony of Melinda Stephens regarding their hiring practices is irrelevant to the litigation and was properly excluded by the Court. Docket No. 95, pp. 5-6. This is issue is reviewed for abuse of discretion. *Trepel, supra.*

The Plaintiff was hired by the Defendant in 2011. It is undisputed that Ms. Stephens did not begin serving as the Health Services Administrator for the Davidson County facility until 2015. She had no involvement in the decision to hire Plaintiff and no knowledge about the hiring criteria or pay practices utilized by the decision makers at the time of Plaintiff's hire. The Court excluded this testimony because Plaintiff could not show any relationship between Ms. Stephens' knowledge of current hiring practices and the practices utilized at the time of the Plaintiff's hire. Ms. Stephens was not involved in that decision and had no knowledge of it thus her testimony about her current practices more than four years after the decision was made is irrelevant and would likely lead to confusion and thus properly excluded. Therefore, Plaintiff's

Motion with respect to this alleged error is DENIED.

**D.     Jury Instructions of Pretext and Legitimate Non-Discriminatory Business Reason**

Without referencing specific jury instructions, Plaintiff contends that "the final jury instructions were confusing and ultimately inconsistent with Sixth Circuit precedent." Docket No. 91, p. 8. Plaintiff contends that instructions regarding pretext and legitimate non-discriminatory business reasons including in the final charge were confusing and disjointed and did not properly instruct the jury as to the "ultimate issue of discrimination vel non." *Id.* at p. 9 (citations omitted). Plaintiff further argues that instructions that the Plaintiff must prove "intentional" discrimination "further exacerbated the confusing nature of the instruction and gave the appearance of a much larger burden on Plaintiff than that of a preponderance of the evidence." *Id.* Plaintiff further contends it was error to include language that the jury may consider the salary made at the individual's previous position to determine whether an individual is an appropriate comparator. *Id.* For these reasons, Plaintiff contends that the instructions "focused heavily on the burden shifting framework of *McDonnell-Douglas* in contravention of Sixth Circuit precedent and were confusing in several other respects" and thus she is entitled to a new trial. *Id.* at p. 10.

The Defendant responds that the Plaintiff fails to establish that the instructions were "confusing, misleading, or prejudicial to either party." Docket No. 95, p. 6. Noting the Plaintiff failed to specify which instruction created the alleged confusion, they contend the inclusion of language with regard to pretext is permitted under Circuit authority. Defendant further argues that the Court's use of the word "intentional" is consistent with relevant case law, was not prejudicial to the Plaintiff and is not grounds for a new trial. *Id.* at pp. 7-8. Defendant notes that prior pay of a comparator is a factor other than race that can be considered as long as it is not the

sole factor and it was appropriate to instruct the jury as such given that it was a factor utilized by the Defendant in setting the pay of other similarly situated employees. *Id.* at pp. 8-9.

"A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." *Miami Fair Housing Center, Inc. v. Connor Grp.*, 725 F. 3D 571, 579 (6th Cir. 2013)(quoting *Jones v. Federated Financial Reserve Corp.*, 144 F. 3d 961, 966 (6th Cir. 1998)). The trial court's decision to grant or deny a motion for new trial on these grounds is reviewed under an abuse of discretion standard. *Holmes. v. City of Massillon,* 78 F. 3d 1041, 1045 (6th Cir. 1996).

The Court provided counsel for the Parties with draft instructions early in the trial of this matter and offered the parties the opportunity to provide further briefing which they did and discussed the charge on multiple occasions. The Court explained that while inclusion of terms such as "prima facie case" and "burden shifting" was improper, the jury heard evidence and the Parties referred to pretext and legitimate nondiscriminatory business reasons. The Court felt it was appropriate to charge on these issues in order to give the jury context and explain the significance of concepts referred to by counsel during the trial. In the final charge conference, the Court offered the Parties an opportunity to reach agreement with respect to these issues in the charge and counsel for the Plaintiff advised the Court that after having considered the issue further, they felt the charge including the language regarding pretext and legitimate nondiscriminatory business reason was appropriate in this case not as a "Hobson's choice" but in light of the rationale initially suggested by the Court for its inclusion. Furthermore, the Court did instruct the jury that "the only question before you is whether the Plaintiff has proven that Credit Care Solutions took an adverse employment action against Plaintiff and intentionally

discriminated against her because of her race." It is hard to imagine how the issue of discrimination vel non could be set forth in a more straight forward fashion. The Court charged the jury on the burden of proof and it is beyond peradventure that the burden of proof is that the Plaintiff prove she was intentionally discriminated against. Thus, the instructions of pretext, legitimate nondiscriminatory business reason and intentional discrimination were proper under the law of the Circuit and do not form the basis for a new trial.

Inclusion of the instruction that the jury could consider prior pay of the comparator was appropriate in this case. There was evidence in this record from which the jury could conclude that the prior pay of the comparators was a consideration in setting their salary and the Court's instruction did not list this as the sole factor for determination or require that the jury consider this factor only, but that it was a factor that could be considered by the jury. Inclusion of this language does not form the basis for a new trial, and thus the Plaintiff's Motion is DENIED.

E.    Considerations of Race in the Exercise of Juror Challenges by Defendant

Plaintiff contends that the Defendant's use of its preemptory strikes to remove two black jurors from the panel while striking no white jurors "was blatant discrimination." Docket No. 91, p. 10. Plaintiff submits that after raising a prima facie case of discrimination following the use of preemptory strikes on two black jurors, Defendant "provided a justification that was not applied evenly to other white jurors on the panel." *Id.* Plaintiff asserts that the proffered reason for striking a black female from the panel regarding her statements on the role of personality versus qualifications in making hiring and pay decision was the same statements by a white male not struck from the panel. *Id.* Plaintiff contends the fact that all of the jurors struck by the Defendant through preemptory challenge were black and they attempted to strike two other black jurors "for cause" but were denied weighs in favor of finding Defendant's asserted race neutral reasons were

pretextual and Plaintiff's objections to the strikes were improperly denied. Id. at pp. 11-12.

Defendant denies it considered race in exercising its preemptory challenges or in arguing potential jurors should be excused for cause. Docket No. 95, p. 9. Initially, Defendant asserts it struck a white female juror in addition to African American jurors and thus were not targeting only African American jurors. *Id.* With respect to the preemptory challenges, Defendant contends one of the black potential jurors was stricken because of her statements of her past concerns with her rate of pay and that she had not experienced a favorable outcome with her employer when complaining about same and that she had considered legal action against her employer as a result. *Id.* at p. 10. With respect to the second challenge, the black potential juror indicated that while she believed that an energetic personality was an appropriate consideration in hiring of an individual it was not appropriate in setting that individual's rate of pay. *Id.* The white juror stated that he believed it to be an appropriate consideration at the hiring stage and the setting of one's rate of pay. With respect to its for cause challenges, Defendant contends that one of the potential jurors it was successful in striking for cause stated that she had experienced racial bias in her own career and her attempts to remedy those situations. The other potential juror Defendant sought to strike for cause was a college student who indicated that he would have to miss class in order to participate in the trial. *Id.* at p. 10. The Court denied that request and that African American man ultimately set on the jury of this case.

In reviewing an allegedly discriminatory use of preemptory challenges, "'the trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort afforded great deference on appeal' and will not be overturned unless clearly erroneous." *U.S. v. Odeneal*, 517 F. 3d 406, 419 (quoting *Hernandez v. New York*, 500 U. S. 352, 364, 111 S. ct. 1859, 114 L. Ed 2d 395 (1991)(plurality opinion )).

Defendant's efforts to strike individuals for cause was appropriate given their statements in voir dire. The request that was granted involved an individual who stated that she had been the victim of racial discrimination. Given her order as a potential juror she would not have been a juror in this case had she not been stricken for cause. Similarly, Plaintiff did not offer an objection at the time Defendant sought to strike this potential juror. With respect to the second juror, he acknowledged a scheduling conflict with sitting as a juror on this case. Given that jurors are routinely excused for conflicts not only as a matter of convenience to the prospective juror but also to assure that the individual is able to pay attention without distraction, this request was not inappropriate or racially motivated.

With respect to the preemptory challenges, the Court is satisfied as stated on the record that the Defendant presented race neutral reasons supporting the exercise of the preemptory challenges. It is an appropriate exercise of a preemptory challenge to strike an individual who asserts they have experience with the very type of claims asserted in the matter to be tried. Plaintiff offers little to rebut this asserted reason. While the second strike is a closer call, Defendant offered a sufficient distinction between the black and white juror's responses to support its exercise of the challenge. Furthermore, the fact that there were two African American jurors seated and Defendant did not attempt to exercise a preemptory strike against either of those jurors is a significant factor weighing against the exercise of the strikes being racially motivated and suggests that the proffered reason was the true motivation for the exercise of the challenges. For these reasons, the Court concludes that the Plaintiff's challenge to the exercise of the Defendant's preemptory strikes in this case was properly denied and does not provides basis for new trial.

For the reasons stated herein, Plaintiff's Motion for New Trial (Docket No. 91) is

DENIED.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**U. S.  Magistrate Judge**